# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10633
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR MANUEL CASTILLO, also known as Victor Manuel Garza,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:16-CR-27-3

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Victor Manuel Castillo appeals his sentence for distributing and possessing with intent to distribute at least 50 grams of methamphetamine. He asserts that the district court attributed too much drug weight to him. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10633

Castillo concedes responsibility for amounts he sold during controlled buys and quantities he discussed during wiretapped calls—all told, about 1,000 grams of meth. But the sentencing court made Castillo answer for thousands more. According to the presentence investigation report, the controlled buyer—a confidential informant—claimed to be a repeat customer. The informant detailed that, for six months before the first controlled buy, Castillo sold him two to three ounces—and "fronted" another two to three ounces—every two to three days. Castillo challenges that statement as unreliable and insufficient to carry the Government's burden to show drug quantity by a preponderance.

Our review is for clear error. *United States v. Harris*, 740 F.3d 956, 966 (5th Cir. 2014). None exists "if the district court's finding is plausible in light of the record as a whole." *United States v. Reyna-Esparza*, 777 F.3d 291, 294 (5th Cir. 2015).

We see no clear error here. Under U.S.S.G. § 6A1.3's commentary, a sentencing court may consider "[o]ut-of-court declarations by an unidentified informant" if "there is good cause for the non-disclosure of the informant's identity and there is sufficient corroboration by other means." For one thing, Castillo does not dispute the Government's cause to withhold the informant's identity. For another, the Government's surveillance corroborated the informant's statement: Castillo had previously sold and fronted drugs to the informant and trafficked several ounces of meth at a time. *See United States v. Betancourt*, 422 F.3d 240, 246–47 (5th Cir. 2005); *United States v. Rogers*, 1 F.3d 341, 343–44 (5th Cir. 1993); *cf. United States v. Godinez*, 640 F. App'x 385, 386 (5th Cir. 2016). The district court also pegged the drug quantity at less than what the informant alleged, and Castillo did not present evidence to show those findings materially untrue. *See United States v. Young*, 981 F.2d 180, 185–86 (5th Cir. 1992); *accord Betancourt*, 422 F.3d at 247. We therefore AFFIRM.

2